## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JAMES E. MONAHAN,**<br>**INNA CONVERSE,**<br><br>          **Plaintiffs,**<br><br>     **v.**<br><br>**CRESTBROOK INSURANCE**<br>**COMPANY,**<br><br>          **Defendant.** | **Case No. 23-2457-JWB** |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's partial motion to dismiss.  (Doc. 7.)  The matter is fully briefed and ripe for review.  (Docs. 8, 10, 12.)  The court declines to exercise its jurisdiction over the claim for declaratory relief and grants the motion to dismiss Count II without prejudice.

Plaintiffs James E. Monahan and Inna Converse brought this action in state court for breach of contract and declaratory relief regarding the denial of coverage by Defendant Crestbrook Insurance Company for property damage due to hail or severe weather.  (Doc. 1-1 at 3–6.)  For both claims, Plaintiffs request a finding that their insurance policy covers the damage sustained.  (*Id.* at 4, 6.)  Defendant removed this case to federal court (Doc. 1), and now moves to dismiss the claim for declaratory relief as redundant with Plaintiff's breach of contract claim.  (Doc. 7.)

Even though this case was filed in state court, the Declaratory Judgment Act provides the framework for whether the court should exercise jurisdiction over a claim for declaratory relief.  *See, e.g.*, *Bd. of Cnty. Comm'rs. of Cnty. of Marshall v. Cont'l W. Ins. Co.*, 184 F. Supp. 2d 1117, 1120 (D. Kan. 2001) ("Because the Declaratory Judgment Act is procedural in nature, federal law determines whether or not a district court may properly exercise its discretion to hear a claim for

declaratory relief. . . .   This is true, even where, as in this case, a claim for declaratory relief originates in state court . . . ." (citations omitted)).   "[A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  But "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).

The Tenth Circuit has adopted a five-factor test, the *Mhoon* test, for evaluating whether the court should exercise its discretionary jurisdiction over a declaratory judgment action:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) (quoting *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)).

Here, while factors three and four support exercising jurisdiction, the other factors weigh against it.  The declaratory relief would not settle the controversy, as Plaintiffs seek relief, i.e., damages, beyond a declaration of coverage in their breach of contract claim.  The declaratory relief does not serve a useful purpose because it seeks a determination already sought in the breach of contract claim: whether Plaintiffs' insurance policy covers the purportedly weather-related property damage.  Finally, the breach of contract cause of action is a better remedy because it provides Plaintiffs more comprehensive relief should their claim be found meritorious.

Plaintiff's caselaw is largely inapposite.  *City of Leominster v. Pittsburgh-Des Moines Steel Co.*, 201 F. Supp. 66 (D. Mass. 1962) involved only a declaratory judgment action with no completely

duplicative breach of contract claim.  *Id.* at 68.  And the arguments in *Lenexa Hotel, LP v. Holiday Hosp. Franchising, Inc.,* No. CIV.A.12-2775-KHV, 2013 WL 4736245, (D. Kan. Sept. 3, 2013) centered more on whether there was a case or controversy, rather than on the *Mhoon* factors.  *Id.* at *7. Plaintiffs do not explain how the claim for declaratory relief provides any benefit beyond what they can already receive from a successful breach of contract claim.  The court therefore finds dismissal of Count II appropriate.

The court therefore GRANTS Defendant's motion to dismiss.  Count II is dismissed without prejudice.

IT IS SO ORDERED.

Dated: January 5, 2024                              /s/ John W. Broomes_____
                                                    JOHN W. BROOMES
                                                    UNITED STATES DISTRICT JUDGE